IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMAS GREEN, #33823 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00233-S (BT) |
| | § | |
| ELLIS COUNTY SHERIFF, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demas Green and several other inmates at the Ellis County Jail filed a civil rights complaint complaining about jail practices that restrict their ability to access the courts and the law library and that infringe on the attorney-client privilege. *See* ECF No. 1. On January 29, 2024, the Court severed the plaintiffs' actions into separate suits. ECF No. 7. In that same order, the Court ordered each plaintiff to, within 30 days of the order, (1) file an amended civil rights complaint asserting only his own claims on the court approved form, and (2) pay the filing and administrative fee of $405.00 or file an application to proceed *in forma pauperis* with the required certificate of inmate trust account. ECF No. 7 at 5. The order warned Green that his failure to comply could result in the dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b).

The deadline for Green to comply with the Court's order has passed, and he has not complied or sought an extension.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Green has not complied with the Court's order to file an amended complaint on the court-approved form asserting only his claims and to pay the filing fee or to file an application to proceed *in forma pauperis* with the required certificate of inmate trust account. Green's failure to follow the Court's order prevents this action from proceeding. Thus, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See*, *e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ('This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *rec. accepted* 2020 WL 2343157 (N.D. Tex. May 11, 2020).

## Recommendation

The Court should dismiss Green's complaint without prejudice for want of prosecution or for failure to follow an order of the Court pursuant to Fed. R. Civ. P. 41(b).

SO RECOMMENDED.

April 12, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).